IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PATRICK GRIEGO, LEO PACHECO, ANNABELLE
PACHECO, GENEROSE TRUJILLO, JUAN ORTIZ, MARY
ORTIZ, ANITA ORTIZ, PAMELA ABREU, JIM ABREU,
JONATHAN MIGLIN, ROBERT BOWDEN, CLARK
BURNS, EDNA BURNS, LORETTA CHAVEZ, ROBERT
CHAVEZ, DANIEL ENCINIAS, LORI ANNE ENCINIAS,
ELIZABETH ESQUIBEL, CYNTHIA HOLLIS, WALTER
HUGHES, SHARRON HUGHES, ALEXANDER KWAN,
FIACHNA ROSE, ERIKA LARSEN, TYLER WHITE,
HERMAN LUJAN, LORRAINE LUJAN, DENNIS RIVERA,
FELICIA RIVERA, MARTIN SANDOVAL, DONATO
SENA, MARIA SENA, GEORGE TRUJILLO, DIANE
TRUJILLO, GLORIA PAULINE ESPINOZA, RANDY
ESPINOZA, and DOLORES ESPINOZA,

    Plaintiffs,

v.                                              Civil Case No. _____

FEDERAL EMERGENCY MANAGEMENT AGENCY,

    Defendant.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. The Federal Emergency Management Agency (FEMA) is in the U.S. Department of Homeland Security (DHS). FEMA has violated the Freedom of Information Act (FOIA), 5 U.S.C. § 552, by failing to provide agency records requested on behalf of Plaintiffs, and by failing to make a determination on Plaintiffs' FOIA request in a timely manner. Much of the requested records are required by Congress as set forth in the Hermit's Peak/Calf Canyon Act and should, therefore, be timely produced.

2. This action seeks an order compelling FEMA to obey the FOIA, and to immediately provide the agency records requested by Plaintiffs on **8/31/23** in FOIA request number **2023-FEFO-01059**.

## JURISDICTION, VENUE AND PARTIES

3. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §1331.

4. Venue in this Court is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e). Plaintiffs were living in northern New Mexico (Mora, New Mexico), and due to the Hermits Peak/Calf Canyon Fire (HPCC Fire) have been displaced, losing their homes and all personal property.

5. Defendant FEMA is a federal agency under the Department of Homeland Security (DHS). FEMA is responsible for administering the HPCC Fire Assistance Act (HPCC Act), Pub. L. 117-180, 136 Stat. 2168 (2022), under the Final Rule, 44 CFR 296, 88 FR 59730. FEMA is responsible for responding to FOIA requests made to it and so is sued as a defendant in this action.  FEMA has failed to comply with FOIA's time limits (twenty working days to respond to an initial request) and therefor a complaint may be filed forthwith.

## BACKGROUND FACTS

6. The Hermit's Peak Fire started on April 6, 2022, in northern New Mexico, and merged with the Calf Canyon Fire. The Hermits Peak/Calf Canyon Fire (HPCC Fire) was fully contained on June 15, 2022. U.S. Forest Service negligence caused the HPCC Fire, the worst wildfire in New Mexico's recorded history, destroying over 430 homes and 900 structures across 341,000 acres in Mora, San Miguel, and Taos Counties, and caused substantial damage to the Gallinas watershed that supplies water to Las Vegas, New Mexico. Tens of thousands of residents were forced to flee their homes, many leaving behind pets, livestock, and priceless belongings. Post-Fire flooding has at times been as (or more) destructive than the Fire itself. The environmental

consequences of the HPCC Fire will span generations.[1]

7. In November 2022, Congress appropriated $2.5 billion to help New Mexico residents and business owners impacted by the HPCC Fire. In December 2022, Congress added $1.45 billion in an omnibus appropriations bill for New Mexicans impacted by the Fire.

8. A year after the HPCC Fire started in April 2022, in April 2023 FEMA opened offices in Mora, Las Vegas, and Santa Fe, New Mexico, to help Fire victims navigate the arduous federal claims process under the HPCC Act. As of 8/17/23, FEMA had paid $27 million of the nearly $4 billion appropriated (which is only 0.675%). FEMA says it has paid for and put in place 62 flood insurance policies for claimants, out of a total of about 350 requests for flood policies. FEMA's HPCC Claims Office started to work with the National Flood Insurance Program so that eligible claimants can receive five years of flood insurance protection, with FEMA's HPCC Claims Office paying the premiums.

9. Over 1,600 Notices of loss have been filed with FEMA. Since April 2023, FEMA's pace of distributing about $6.75 million per month will take FEMA over 49 years to pay out the full $4 billion. However, the Director of FEMA's HPCC Claims Office (Angela Gladwell) estimates it will take only five to six years, according to an 8/17/23 news release.

10. FEMA has on numerous occasions promised partial payments or partial settlements to Fire victims. However, upon information and belief, FEMA has made few (if any) partial distributions or partial settlements to individual Fire victims who are most in need.

11. Fire victims had to wait a year for FEMA to open HPCC Claims Offices. Five or six more

---

[1] For much of this info, see the Albuquerque Journal editorial, 8/26/23: "Editorial: FEMA's promised funds for NM fire victims is lost in smoke."

years is unacceptable, not to mention a 49-year wait for justice.[2]

12. Frustration with the pace of FEMA's compensation to Fire victims is mounting. Director Gladwell said FEMA's HPCC Claims Office had a staff of almost 90 people in August 2023, but FEMA needs an adequately staffed Claims Office to make New Mexicans whole.

13. Many Fire victims remain homeless due to FEMA's dilatory actions and strict temporary housing rules. FEMA requires that its trailers be connected with utilities, but that is nearly impossible in some remote mountainous areas without running water or septic tanks. As a result, only a fraction of New Mexicans eligible for FEMA travel trailers or mobile homes got one placed on their land. FEMA acknowledges that terrain and weather made it challenging to provide housing to Fire victims, leaving many homeless as a result.

## THIS FOIA REQUEST

14. On August 31, 2023, on behalf of Plaintiffs, undersigned counsel submitted this FOIA request number 2023-FEFO-01059 (a true and correct copy is **Exhibit 1**) to FEMA at: fema-foia@fema.dhs.gov.

15. On September 7, 2023, on behalf of Plaintiffs, undersigned counsel again emailed the 8/31/23 FOIA request to: fema-foia@fema.dhs.gov, and also submitted this FOIA request by certified mail on 9/7/23 to: FEMA, FOIA Officer, 500 C Street SW, Room 840, Washington, DC 20472. This mailing was delivered on September 12, 2023. (**Exhibit 2**, cover letter; **Exhibit 3**, USPS tracking; **Exhibit 4**, 9/7/23 email.)

16. On September 8, 2023, on behalf of Plaintiffs, undersigned counsel again emailed the

---

[2] Note that funding for FEMA's Public Assistance Program is separate from the $4 billion appropriated by Congress for the Fire victims. FEMA has paid $27 million to Fire victims as of 8/17/23, and more than twice that amount ($64.3 million) to the State of New Mexico. FEMA announced on 8/23/23 its Public Assistance Program had approved over $64.3 million to reimburse New Mexico state, local, and tribal governments, as follows: $16.7 to the State for debris removal in Mora and San Miguel Counties; $13.8 million for emergency protective measures; $9.6 million for road and bridge repairs; $21.3 million for public utilities; $154,000 for public buildings and equipment; almost $87,000 for parks and recreational facilities; and $2.6 million in management costs.)

8/31/23 FOIA request to: fema-foia@fema.dhs.gov. (**Exhibit 5**, 9/8/23 email.)

17. On 9/12/23 at 9:13 am Mountain time, FEMA acknowledged receipt of the 8/31/23 FOIA request number 2023-FEFO-01059 (**Exhibit 6**, email of FEMA acknowledgement).

18. The 8/31/23 FOIA request number 2023-FEFO-01059 seeks the following pertaining to FEMA's administration of the HPCC funds -- as required by the HPCC Act:

1. Provide the "quarterly reports [submitted every 90 days] to the Committees on Appropriations of the Senate and the House of Representatives on the obligations and expenditures of the funds made available" under the HP/CC Act. (See below.)

2. Provide records showing how much FEMA has spent so far getting the HP/CC Claims Office up and running, since operating costs come out of the total amount set aside for the Fire victims.

3. Provide annual budgets for <u>total</u> administrative costs for the HP/CC Claims Office – including but not limited to salaries, rent, etc. -- to be deducted from the total amount set aside to pay Fire victims.

4. Provide all projections of the expenditures and cost estimates to administer the HP/CC Claims.

19. The 8/31/23 FOIA request number 2023-FEFO-01059 also includes the following, which is taken directly out of the HPCC Act:

> Pursuant to the HP/CC Act, PUBLIC LAW 117–180—SEPT. 30, 2022 136 STAT. 2123:
>
>> SEC. 136. Notwithstanding sections 101, 104, and 106, to carry out the Hermit's Peak/Calf Canyon Fire Assistance Act, there is appropriated $2,500,000,000, to remain available until expended, to the Department of Homeland Security for ''Federal Emergency Management Agency—Hermit's Peak/Calf Canyon Fire Assistance Account'', which shall be derived by transfer from amounts made available under the heading ''Federal Emergency Management Agency—Disaster Relief Fund'' in title VI of division B of the Coronavirus Aid, Relief, and Economic Security Act (Public Law 116–136), of which $1,000,000 shall be transferred to ''Office of the Inspector General—Operations and Support'' for oversight of activities authorized by the Hermit's Peak/Calf Canyon Fire Assistance Act: Provided, That no amounts may be derived from amounts made available for major disasters declared pursuant to the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5121 et seq.): Provided further, That

amounts provided by this section shall be subject to the same authorities and conditions as if such amounts were provided by title III of the Department of Homeland Security Appropriations Act, 2022 (division F of Public Law 117–103):

**Provided further, That not later than 90 days after the date of enactment of this Act, and every 90 days thereafter until all funds provided by this section have been expended, the Administrator of the Federal Emergency Management Agency shall provide, in an appropriate format, quarterly reports to the Committees on Appropriations of the Senate and the House of Representatives on the obligations and expenditures of the funds made available by this section**: Provided further, That amounts transferred by this section that were previously designated by the Congress as an emergency requirement pursuant to the Balanced Budget and Emergency Deficit Control Act of 1985 or a concurrent resolution on the budget are designated as an emergency requirement pursuant to section 4001(a)(1) of S. Con. Res. 14 (117th Congress), the concurrent resolution on the budget for fiscal year 2022, and section 1(e) of H. Res. 1151 (117th Congress), as engrossed in the House of Representatives on June 8, 2022.

(**Ex. 1**, **Ex. 2**, bold, and underlining in original.) The boldfaced portion above evidences that responsive records exist, given that it is likely that four quarters have passed since the Act passed in the fall of 2022. While FEMA is charged with protecting the public, FEMA is slow to pay but has expended an undisclosed amount of money from the HPCC funds appropriated by Congress.

20. FEMA has failed to comply with the FOIA time limit of 20 working days after receipt to respond to an initial FOIA request. The 20th business day after FEMA's receipt on 9/12/23 of this FOIA request was 10/11/23. FEMA has not provided a substantive response as of the date of this filing. Plaintiff's 8/31/23 FOIA request has been pending for 54 days as of the filing of this complaint, including the improper mis-routing of Plaintiffs' FOIA request to FEMA instead to the U.S. Forest Service. FEMA has had well more than the requisite 20 working days to respond to Plaintiffs' 8/31/23 FOIA request.

## CAUSE OF ACTION

21. The FOIA, 5 U.S.C. § 552(a)(6)(A)(ii) requires any agency to which a FOIA request has been made to make a determination on the request within 20 working days.

22. The FOIA requires Defendant to make a determination on Plaintiffs' 8/31/23 FOIA request number 2023-FEFO-01059 within 20 working days (by 10/11/23) and to provide the requested information. Defendant has failed to do so.

## CLAIM FOR RELIEF

23. Because of these violations, Defendant has improperly withheld agency records from Plaintiffs, in violation of the FOIA within the meaning of 5 U.S.C. § 552(a)(4)(B).

24. Plaintiffs are adversely affected by Defendant's failure to provide the required information under the FOIA because without that information, Plaintiffs cannot determine FEMA's mandatory compliance with the HPCC Act. As HPCC Fire victims, Plaintiffs have a vested interest in how the almost $4 billion is being spent, since FEMA's operating costs **come out of** that same almost $4 billion.

25. Title 5 U.S.C. § 552(a)(6)(C) provides that any person making a request to any agency for records shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limits of the FOIA.

26. The FOIA gives this Court jurisdiction to order Defendant to provide to Plaintiffs the records requested under 5 U.S.C. § 552(a)(4)(B).

27. This Court may assess reasonable attorney's fees against Defendant if Plaintiffs substantially prevail in this action pursuant to 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

28. For these reasons, Plaintiffs respectfully request that this Court enter judgment providing the following relief:

   A. Declare that Defendant FEDERAL EMERGENCY MANAGEMENT AGENCY improperly withheld agency records from Plaintiffs by: (1) failing to provide the

requested information, and (2) failing to comply with the procedural time limits established by the FOIA;

B. Direct by injunction that Defendant immediately provide to Plaintiffs the records requested in the FOIA request dated 8/31/23, FOIA request number 2023-FEFO-01059;

C. Grant to Plaintiffs the costs of litigation, including reasonable attorneys' fees as provided by the FOIA, 5 U.S.C. § 552(a)(4)(E); and

D. Provide such further relief as the Court deems just and proper.

Respectfully submitted,

B & D LAW OFFICES, P.C.
By: */s/ Mark C. Dow*
Mark C. Dow, mcd@bdsfirm.com
Christopher P. Bauman, cpb@bdsfirm.com
Cynthia L. Weisman, cw@bdsfirm.com
P.O. Box 30684
Albuquerque, NM  87190
(505) 883-3191
and
ROYBAL-MACK & CORDOVA, P.C.
Antonia Roybal-Mack,
Antonia@roybalmacklaw.com
Darren Cordova, darren@roybalmacklaw.com
P.O. Box 91658
Albuquerque, NM 87109
(505) 288-3500
And
ROBINS CLOUD LLP
Bill Robins, robins@robinscloud.com
Amanda LoCurto, alocurto@robinscloud.com
808 Wilshire Blvd., Suite 450
Santa Monica, CA 90401
(310) 929-4200
*Counsel for Plaintiffs*